ACCEPTED
04-14-00752-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/10/2015 1:52:31 AM
KEITH HOTTLE
CLERK

## NO. 04-14-00752-CV

## IN THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS
## AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

06/10/15 1:52:31 AM

KEITH E. HOTTLE
Clerk

## HUMANA INSURANCE COMPANY,
## APPELLANT,

## V.

## DOLORES MUELLER,
## APPELLEE.

---

## On Appeal from the County Court at Law No. 3, Bexar County, Texas

## MOTION FOR REHEARING

## OF APPELLEE DOLORES MUELLER

---

**Stephen G. Nagle**
**State Bar No. 14779400**
**sgnagle@lawyernagle.com**
**1002 West Avenue, Suite 100**
**Austin, TX 78701**
**(512) 480-0505 - Telephone**
**(512) 480-0571 - Facsimile**
**ATTORNEY FOR APPELLEE DOLORES MUELLER**

*Oral Argument Requested*

Humana vs. Mueller, Appellee's Motion for Rehearing

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO

HUMANA INSURANCE COMPANY,

APPELLANT

V.

DOLORES MUELLER,

APPELLEE

On Appeal from the County Court at Law No. 3,
Bexar County, Texas

MOTION FOR REHEARING

OF APPELLEE DOLORES MUELLER

## ISSUES PRESENTED

A.    Does the opinion of the Court sufficiently address the question of

jurisdiction of an appeal which is brought by an independent contractor

to a political subdivision of the state?

B.    Is the decision of the Court correct in light of the decision of the Texas

Supreme Court in *Brown & Gay Engineering, Inc. v. Olivares*?

## ARGUMENT AND AUTHORITIES

## A.  INDEPENDENT CONTRACTOR AND JURISDICTION

While the opinion of the Court deals with HUMANA's status as an agent of SAHA, it does not address the question of whether HUMANA was an independent contractor.  TEX. CIV. PRAC. & REM. CODE Sec. 101.001(2) defines "employee" to mean "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but **does not include an independent contractor**, an agent or employee of an independent contractor . . . "

The Court's opinion assumes that HUMANA is an "agent" rather than an independent contractor.  However, this is inconsistent with HUMANA's position.  HUMANA, like Brown & Gay Engineering, has stated that it is not seeking "official" immunity, but "governmental" immunity.

## B.  THE IMPACT OF BROWN & GAY ENGR., INC. V. OLIVARES

This court should grant this Motion for Rehearing in light of the recent decision of Texas Supreme Court in *Brown & Gay Engineering, Inc. v. Olivares*, NO. 13–0605, April 24, 2015.  In that case, the Court clarified the principles to be used in distinguishing cases when it would be appropriate to extend immunity to an independent contractor.  The opinion of this Court does not address those principles.

The Supreme Court articulated a set of underlying concerns that justify the doctrine of sovereign immunity in the modern age.  One of them is implication of the

governmental purse. It is not enough for the government's purse to be affected indirectly. Instead, it is the concern for unexpected liabilities which justifies sovereign immunity. Therefore, the finances of SAHA are only impacted if Ms. Mueller is seeking to indirectly impose liability on SAHA.

While the agreement between SAHA and HUMANA in this case provides for indemnity to HUMANA in connection with HUMANA's exercise of its powers and duties under the Agreement, the agreement excepts damages that are attributable to fraud, willful misconduct, or intentional disregard on the part of HUMANA, or HUMANA's failure to abide by the Agreement. Ms. Mueller seeks to show that HUMANA's conduct amounted to willful misconduct or intentional disregard.

In spite of inartful pleading (for "benefits denied") in the damages paragraph of the active Petition, the action Ms. Mueller has brought against HUMANA is for extra-contractual damages which have resulted from HUMANA's bad faith claims handling conduct. Ms. Mueller does not seek to indirectly impose liability on SAHA. Therefore, the funds of the governmental entity are not implicated.

The Supreme Court also articulate a standard by which to judge whether immunity attaches to a contractor or not:

In each of these cases, the complained-of conduct for which the contractor was immune was effectively attributed to the government. That is, the alleged cause of the injury was not the independent action

of the contractor, but the action taken by the government *through* the contractor.

In the present case, Ms. Mueller seeks to impose liability on HUMANA for its own conduct, not for its conduct effecting the policies of SAHA. HUMANA denied Ms. Mueller's requests for pre-certification of a back surgery on the ground that the proposed procedure was "experimental." SAHA had and has no policies concerning whether a medical procedure is "experimental" apart from what HUMANA created.

Ms. Mueller does not seek hold HUMANA liable merely for following SAHA's directions. Instead, Ms. Mueller seeks to hold HUMANA responsible for conduct which was outside the scope of its authority, or a bad faith use of that authority.

Finally, the fact that the administrative agreement between HUMANA and SAHA provides that "The Plan Manager does not have discretionary authority or responsibility in the administration of the plan" should not be the end of the inquiry. The facts in the record show that, in spite of this boilerplate language, HUMANA did in fact have wide discretion in its implementation of the plan, and in the interpretation of its terms.

It is true that the Supreme Court, in *Brown & Gay*, cites and discusses *Foster v. Teacher Retirement System*, 273 S.W.3d 883 (Tex. App.—Austin 2008, no pet.). However, *Foster* is distinguishable from the present case. Like the Olivareses, and

unlike Foster, Ms. Mueller does not "effectively seek to recover money from the government." Ms. Mueller dismissed SAHA from this case precisely because she is not seeking to make SAHA pay.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellee MUELLER respectfully requests that this Court grant her Motion for Rehearing, dismiss HUMANA's appeal for lack of jurisdiction, or affirm the decision of the Court below, and grant Appellee such other and further relief to which she may show herself entitled.

Respectfully submitted,

Stephen G. Nagle
State Bar No. 14779400
sgnagle@lawyernagle.com
1002 West Avenue, Suite 100
Austin, TX 78701
(512) 480-0505 - Telephone
(512) 480-0571 - Facsimile
ATTORNEY FOR APPELLEE MUELLER

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4, I certify by my signature above that this Motion for Rehearing contains 1064 words. This is a computer-generated document created in Corel Word Perfect, using 14-point typeface for all text, except for footers which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause as indicated below in accordance with Rule 9.5(b), Tex. R. App. P., on this 10th day of June, 2015.

*Via Electronically Filing*

Richard G. Foster
rfoster@prdg.com
Lisa P. Alcantar
lalcantar@prdg.com
Porter, Rogers, Dahlman & Gordon, P.C.
Trinity Plaza II
745 E. Mulberry Ave, Suite 450
San Antonio, Texas 78212